UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. GOODMAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1380 |
| | § | |
| SMART MODULAR TECHNOLOGIES, INC., | § | |
| | § | |
| *Defendant*. | § | |

# ORDER

Pending before the court are two motions for reconsideration filed by plaintiff James B. Goodman. Dkts. 152, 157. Smart has responded to both motions and requested sanctions against Goodman for filing the motions in bad faith without evidence, legal support, or analysis of any of the legal issues he purportedly raises. Dkts. 164, 165. After considering the motions, responses, replies, Smart's requests for sanctions, Goodman's responses to those requests, and the applicable law, the court is of the opinion that both of Goodman's motions for reconsideration (Dkts. 152, 157) should be DENIED and Smart's requests for sanctions (Dkts. 164, 165) should be DENIED.

## I. BACKGROUND

This is a patent case relating to U.S. Patent No. 6,243,315 ("the '315 Patent"), and the instant motions to reconsider relate to whether the court erred when it granted, in part, defendant Smart Modular Technologies, Inc.'s ("Smart") motion to enforce a settlement agreement the parties entered into on June 7, 2016. Dkt. 150 (order granting in part Smart's motion); Dkt. 152 (Goodman's motion for reconsideration); Dkt. 156 (amended order granting in part Smart's motion); Dkt. 157 (Goodman's motion for reconsideration). The court held a hearing on Smart's motion to enforce the settlement agreement and Goodman's motion to compel Smart to end the litigation on August 23, 2016. Dkt. 149. After the hearing, the court entered an order denying Goodman's motion and granting, in part, Smart's motion to enforce. Dkt. 150. The court held that the settlement term sheet

was an enforceable settlement agreement and that Smart's interpretation of the term "accused products" as used in the settlement term sheet is the only reasonable interpretation of the term. *Id.* The court ordered both parties take certain steps with regard to fulfilling the terms outlined in the agreement. *Id.*

Goodman filed a motion for reconsideration and Smart filed a motion for clarification. Dkt. 151 (Smart's motion for clarification); Dkt. 152 (Goodman's motion for reconsideration). Goodman responded to Smart's motion for clarification two days after Smart filed it. Dkt. 153. The court ruled on Smart's motion, which was ripe for disposition, on August 30, 2016, and clarified that Smart and Goodman were not required to file a petition to terminate the *Inter Partes Review* as required by the settlement term sheet until after Goodman had performed the requirements of the term sheet that the court had ordered. Dkts. 155, 156. The court issued an amended order. Dkt. 156.

Goodman filed a motion for reconsideration of the amended order on the same day that the court entered it. Dkt. 157. In this motion, Goodman notes that the court did not incorporate any of the items he requested in his original motion for reconsideration or even acknowledge the original motion for reconsideration. *Id.* The court did not acknowledge or rule on any of the issues raised in Goodman's motion for reconsideration in its order addressing Smart's motion for clarification because Goodman's motion was not yet ripe for disposition. Both motions for reconsideration, as well as Smart's requests for sanctions that are contained within Smart's responses to Goodman's motions, are now ripe.

## II. MOTIONS FOR RECONSIDERATION

**A.    Legal Standard**

A party may file a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment. *Id.* A motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have

2

been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) allows parties "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. An "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

**B.    First Motion to Reconsider**

Before delving into Goodman's arguments, the court will once again set forth the terms of the settlement agreement:

> 1. Goodman shall dismiss all legal claims with prejudice;
> 2. Goodman shall stipulate that all **accused products** do not **infringe** his U.S. Patent No. 6,243,315;
> 3. Goodman shall grant to Smart Modular a fully paid up, non-terminable, non-royalty bearing, perpetual **license** to the '315 patent;
> 4. Smart Modular shall terminate its *Inter Partes* Review of the '315 patent;
> 5. Smart Modular shall terminate its *Inter Partes* Review of the '315 Patent;
> 6. Goodman shall obtain Smart Modular's approval of the form of Goodman's dismissal and stipulation before Goodman files such dismissal and stipulation. Smart Modular shall not unreasonably withhold its approval.
> 7. the parties shall bear their own costs, including attorney fees; and
> 8. this term sheet and any agreement between the parties relating to this litigation or the '315 patent shall be **NON-CONFIDENTIAL**.

Dkt. 134 (emphasis added). The settlement term sheet also states:

> **THE PARTIES AGREE AND STIPULATE THAT THE DISTRICT COURT SHALL ENFORCE THIS TERM SHEET AS A SETTLEMENT AGREEMENT**.

*Id.*

Goodman argues that (1) the settlement term sheet is not a "complete contract"; (2) it should be "strictly interpreted against the drafter"; (3) Smart's attorney drafted the term sheet; (4) the term sheet must be ambiguous because the parties had a two-month dispute about its meaning; (5) the parol evidence rule bars relying on extraneous evidence for this incomplete contract; (6) the court selectively allowed parol evidence; (7) the court applied the law incorrectly; and (8) the court did not reach the correct interpretation of the term "accused products" under the applicable law. Dkt. 152.

It is unclear what Goodman means when he refers to the settlement term sheet not being a "complete contract." Goodman's counsel directly agreed that the term sheet was a settlement agreement during the hearing:

> THE COURT: So I assume that both parties agree that there is a settlement agreement, and it's up to me to figure out what these terms mean in the settlement term sheet. Am I right about that Mr. Fink?
> MR. FINK: Yes, Your Honor.

Dkt. 160 at 3. Moreover, the term sheet itself indicates that the parties have stipulated that the court shall enforce the term sheet as a settlement agreement. Dkt. 134. Goodman's motion to reconsider because the term sheet is not a complete contract is DENIED.

Next, Goodman asserts the court should construe the contract against Smart because Smart drafted it. Dkt. 152. Smart asserts that the parties negotiated all the terms during the mediation and Smart was merely the scribe. Dkt. 164. Smart points out that if all negotiated settlement agreements were construed against the party that actually writes down the terms during the mediation, no party would ever actually agree to write down the terms. *Id.* Here, it does not matter which party drafted, negotiated, or wrote down the terms, because the court found in the order and amended order that there was no ambiguity. Thus, there was no need to construe the agreement against the drafter. *See Liberty Surplus Ins. Corp. v. Exxon Mobil Corp.*, 483 S.W.3d 96, 101 (Tex. App.—Houston [14th Dist.] 2015, pet. filed) ("An *ambiguous* contract is construed against the drafter." (emphasis added)).

4

Goodman's motion to reconsider because the court should have construed the contract against Smart is DENIED.

Goodman next contends that the parties' lengthy disagreement about the terms must mean the terms are ambiguous. Dkt. 162. This is irrelevant. As noted in the order and amended order, the court does not consider parol evidence if an agreement is not ambiguous. Goodman's motion to reconsider to the extent it is based on the parties' inability to agree on the contract's meaning is DENIED.

Goodman next takes issue with the court's finding that "accused products" means the DDR2, DDR3, and DDR4 because he contends the court searched for meaning of the term "**outside** the Settlement Term Sheet," which he contends "shows that the Settlement Term Sheet is an ambiguous 'settlement agreement.'" Dkt. 152. Goodman state that the court accepted parol evidence to support Smart's interpretation and asserts that "instead of consulting Smart as to how it wants 'Accused Products' interpreted . . ., the Court should have at the least accepted parol evidence from both parties." Dkt. 152. However, the court did not accept Smart's *or* Goodman's parol evidence. Instead, it looked to *Goodman*'s *complaint* to determine which products were accused. *See* Dkt. 156 (amended order) at 5 (noting that the complaint states that "DDR2 and DDR3 are 'direct infringers' of the '315 Patent 'after the Smart Modular DDR2 and/or DDR3 is incorporated into an operational system'" and that Smart 'directly infringes Claim 1 of the '315 Patent . . . during the development and/or testing of any of the memory products DDR2, DDR3, and/or DDR4, and such infringement is essential for Smart Modular to sell reliable products'"). There can be no question that the plain meaning of the term "accused products" in a patent case is the products that are accused of infringing the patent. It only makes sense when considering the meaning of an agreement that settles a case that the agreement would be settling the actual claims asserted in the complaint. The court specifically stated, "Clearly, the DDR2, DDR3, and DDR4 are the 'accused products,' as *Goodman's own*

5

*complaint indicates* the only reasonable use of these three products is a use that directly infringes on the '315 Patent." *Id.* at 6 (emphasis added). Goodman's motion to reconsider the court's determination that the accused products mean these products because the court allegedly considered parol evidence, applied the law incorrectly, and did not correctly interpret the term "accused products" is DENIED.

## C. Second Motion to Reconsider

Goodman argues that the court's amended order needs to be corrected because (1) the court did not note that Smart's Interrogatory No. 18 was directed to "accused products" in the amended order, which "could lead to a serious misunderstanding"; (2) the court incorrectly reported that Goodman stated during the hearing that paragraph 2 of the settlement term sheet had no meaning, as Goodman argued that it was an "empty set," which clearly has meaning; and (3) it was "unfair and inaccurate to Goodman for the Court to assert that Goodman's factual arguments constituted an admission of a desire" when the court stated that "'Goodman admits that he wanted the term to be meaningless.'" Dkt. 157.

Goodman's motion as to all of these points is DENIED. In the amended order, the court stated that Goodman responded to Interrogatory No. 18 by asserting that there were no products accused of infringing the '315 Patent. While the court did not set forth the entire contents of the Interrogatory and response in its order, it believes that any reader would understand that the interrogatory related to "accused products" when it considers the response noted by the court as well as the context of the paragraph in which the statement it set out.

With regard to Goodman's assertion that the court incorrectly reported that Goodman stated during the hearing that paragraph 2 of the term sheet had no meaning, the court refers Goodman to page 22 of the transcript of the hearing:

> THE COURT: And if I were to accept your interpretation of that, is that there are no accused products, that *term is essentially meaningless*. That's –

6

> MR. FINK: *That's why we agreed to it.*
> THE COURT: Well, I don't –
> MR. FINK: Exactly. Because we understood it. *It was a meaningless thing*, and fine, you know. If they want to say you have to stipulate that pigs fly, that's fine. Doesn't affect us. It has – no relevance. You're assuming that there was something – it was put in there because we agreed that it was – it was applicable. We laughed when we read it.

Dkt. 160 at 22 (emphasis added). While Goodman also used the term "empty set" at one point in the hearing, *see* Dkt. 160 at 13, the court's assertion that Goodman stated that the term "accused products" was meaningless is correct.

Finally, the court's statement that "Goodman wanted the term to be meaningless" is not an unfair characterization given Goodman's assertions (set forth above) during the hearing. Moreover, it is immaterial since the court also stated that this statement was "not relevant to the court's interpretation of the plain and unambiguous meaning of the document." Dkt. 156 (amended order).

Goodman's second motion to reconsider is DENIED.

### IV. SANCTIONS

Smart argues that the court should sanction Goodman because he filed his motions to reconsider in bad faith without evidence, legal support, or analysis of his legal issues. Dkts. 164, 165. Goodman simply argues that "Smart has failed to show that Goodman was not justified in making its [sic] Motion for Reconsideration." Dkt. 167.

Under 28 U.S.C. § 1927, an "attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously *may* be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (emphasis added).

The court agrees with Smart that there is very little legal citation or analysis in Goodman's motions. However, sanctions are discretionary under § 1927, and the court is not inclined to award sanctions *at this time*. The court, however, cautions Goodman's counsel to substantiate comments

such as "The Fifth Circuit in *Texas* states that if a contract is unambiguous then the interpretations [sic.] is confined to the four corners of the document" with citations in future filings. *See* Dkt. 167 at 5 (making this statement about the law without citing to any legal authority). It is counsel's responsibility, not the court's to find the legal authority that supports his contentions. *See, e.g.*, *Shipco Transport, Inc. v. Cyclo Indus.*, LLC, No. 05-21453-CIV, 2007 WL 988884, at *4 (S.D. Fl. Mar. 30, 2007) ("Counsel must provide the Court with caselaw or other legal authority—beyond Counsel's conclusory legal conjectures—to support his argument."); *Fed. Ins. Co. v. Cty. of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk."). Smart's motions for sanctions are DENIED.

## V. CONCLUSION

Goodman's motions to reconsider (Dkts. 152, 157) are DENIED. Smart's requests for sanctions (Dkts. 164, 165) are DENIED.

Signed at Houston, Texas on September 22, 2016.

_____
Gray H. Miller
United States District Judge